## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| MATTHEW D. GUERTIN<br><br>                            Appellant,<br><br>   v.<br><br>HENNEPIN COUNTY, a municipal entity;<br><br>KEITH ELLISON, in his official capacity as Minnesota Attorney General;<br><br>MARY MORIARTY, in her official capacity as Hennepin County Attorney;<br><br>CHELA GUZMAN-WEIGART, in her official capacity as Assistant County Administrator for Law, Safety, and Justice;<br><br>JULIA DAYTON-KLEIN, in her individual capacity;<br><br>GEORGE F. BORER, in his individual capacity;<br><br>DANIELLE C. MERCURIO, in her individual capacity;<br><br>DR. JILL ROGSTAD, in her official capacity as Senior Clinical Forensic Psychologist in the Fourth Judicial District;<br><br>DR. ADAM MILZ, in his official capacity with Hennepin County Mental Health;<br><br>JACQUELINE PEREZ, in her official capacity as Assistant Hennepin County Attorney;<br><br>BRUCE M. RIVERS, in his individual capacity.<br><br>                            Appellees. | Case No: 24-2662<br><br><br><br><br><br><br><br>**APPELLANT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL** |

## I. INTRODUCTION

1. Appellant, Matthew D. Guertin, respectfully submits this Motion to Supplement the Record on Appeal to include his August 7, 2024, Motion for Preliminary Injunction along with all corresponding evidence. The August 7 motion is a critical, comprehensive, and more concise presentation of the entire case, encapsulating new evidence that came to light after the District

1

Court's denial of Appellant's initial Motion for a Temporary Restraining Order (TRO). This evidence, and the way it has been presented in the August 7 motion, provides a clearer, more compelling narrative of the case as a whole and is essential for a just review by this Court.

## II.  BACKGROUND

2. Appellant filed an emergency Motion for a TRO on July 8, 2024, seeking immediate relief from ongoing fraudulent actions and procedural violations that posed immediate and irreparable harm. The District Court denied this motion on July 16, 2024. However, after this denial, Appellant received crucial new evidence on July 16, 2024, including the January 2024 Rule 20.01 exam report, a June 12, 2023 witness statement, and a second set of fraudulent discovery materials.

3. This new evidence, provided to Guertin by his ineffective, and compromised defense counsel, Bruce Rivers, allowed Appellant to present a more comprehensive and compelling narrative in his August 7, 2024 Motion for Preliminary Injunction, which effectively repackages the entire case with all of the necessary pieces now in place.

4. Guertin's August 7 motion not only strengthens the original claims but also offers a much clearer portrayal of the unprecedented and coordinated efforts against Appellant. As such, it should be included in the appellate record to ensure that this Court has a complete and accurate understanding of the case.

## III.  LEGAL STANDARD FOR SUPPLEMENTING THE RECORD

5. Under Federal Rule of Appellate Procedure 10(e), the record on appeal may be corrected or supplemented if anything material is omitted by error or accident. Courts have discretion to allow such supplementation when it is necessary to prevent injustice or to ensure

that the appellate court can review all relevant facts (*see United States v. Henderson, 3 F.4th 422, 429 (8th Cir. 2021); Rouse v. United States, 14 F.4th 795, 802 (8th Cir. 2021)*).

## IV.  ARGUMENT

**A.     The August 7 Motion Represents a Comprehensive and More Compelling Presentation of the Case**

6.      The August 7 Motion for Preliminary Injunction is not merely a supplement but rather a re-packaging of the entire case, presented with the benefit of the critical new evidence received on July 16, 2024. This motion consolidates all relevant facts, arguments, and legal theories into a single, coherent document, making it an essential part of the appellate record. Cases such as *Standard Oil Co. of California v. United States, 429 U.S. 17, 19 (1976)* discuss the court's approach to considering new evidence in appellate proceedings.

7.      The new evidence has allowed Guertin to assemble a more precise and compelling narrative that highlights the fraudulent activities and procedural misconduct that were previously obscured due to the unavailability of key evidence. This aligns with *Anderson v. City of Bessemer City, 470 U.S. 564 (1985)*, which emphasizes the importance of narrative cohesion in legal arguments.

**B.     Excluding the August 7 Motion Would Result in an Incomplete and Unjust Review**

8.      Without the August 7 motion, the appellate record would be incomplete, as it would lack the most accurate and thorough presentation of the case. This would prevent the Court from fully understanding the depth of the issues involved and the extent of the harm suffered by the Appellant. *Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)* underscores the necessity of a complete and accurate record for fair judicial review.

9. The inclusion of the August 7 motion and its corresponding evidence is necessary to meet the standards for a fair and just review, ensuring that all relevant facts are considered. *Schlup v. Delo, 513 U.S. 298 (1995)* discusses the importance of considering all evidence, particularly in the context of preventing miscarriages of justice.

**C. The August 7 Motion Meets the Requirements for Injunctive Relief and Serves as a Critical Part of the Record**

10. The August 7 motion and the evidence it presents are crucial in establishing the likelihood of success on the merits, irreparable harm, and the balance of equities - all factors necessary for the granting of injunctive relief (*see Dylan Brandt v. Leslie Rutledge, No. 21-2875, 47 F.4th 661, 670-72 (8th Cir. 2022); Sessler v. City of Davenport, 990 F.3d 1130, 1134-36 (8th Cir. 2021); *State of Missouri v. Biden, No. 24-2332, 2024 WL 2756273, at 6-7 (8th Cir. 2024)*). These cases support the necessity of a comprehensive evidentiary record to satisfy the criteria for injunctive relief.

11. This motion not only meets but exceeds the legal standards for injunctive relief, and its inclusion in the record is essential for the Court's review of these critical issues. The discretion and equity inherent in judicial decisions, as discussed in *Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944)*, support the inclusion of all relevant evidence to ensure complete justice.

**V. CONCLUSION**

12. For the foregoing reasons, Appellant respectfully requests that this Court grant his motion to supplement the record on appeal with the August 7, 2024, Motion for Preliminary Injunction and all corresponding evidence. This inclusion is necessary to ensure a complete and

just review of the case, as it represents the most comprehensive and compelling presentation of the Appellant's claims.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Appellant Matthew D. Guertin respectfully requests that this Honorable Court grant the following relief:

  a. Grant the Motion to Supplement the Record:

     Permit the inclusion of Appellant's August 7, 2024, Motion for Preliminary Injunction and all corresponding evidence as part of the record on appeal.

  b. Consider the August 7 Motion in Full:

     Ensure that the Court considers the August 7 motion and the newly included evidence in its entirety as it touches upon issues pertaining to the denial of the initial Motion for Temporary Restraining Order, given that this motion represents a comprehensive and more precise presentation of the unprecedented issues of the case.

  c. Grant Any Additional Relief:

     Award any further relief that this Court deems just and proper to ensure that the interests of justice are fully served in this appeal.

Dated:  August 22, 2024                               Respectfully submitted,

                                                  */s/ Matthew D. Guertin*

                                                  Matthew David Guertin
                                                  Pro Se Appellant
                                                  1075 Traditions Ct.
                                                  Chaska, MN  55318
                                                  Telephone: 763-221-4540
                                                  MattGuertin@protonmail.com
                                                  www.MattGuertin.com

# VII.   CERTIFICATE OF COMPLIANCE

I, Matthew D. Guertin, certify that this document complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 32(a)(7)(B). The word count of this document is 1,043 words, excluding the parts of the document exempted by Rule 32(f), which includes the caption, signature block, the certificate of verification, this certificate of compliance, and the proof of service section. The word count is within the limit set by the rules.

Dated:  August 22, 2024                                   Respectfully submitted,

                                                           */s/ Matthew D. Guertin*

                                                          Matthew David Guertin
                                                          Pro Se Appellant
                                                          1075 Traditions Ct.
                                                          Chaska, MN  55318
                                                          Telephone: 763-221-4540
                                                          MattGuertin@protonmail.com
                                                          www.MattGuertin.com

# VIII.   CERTIFICATE OF VERIFICATION

I, Matthew D. Guertin, under penalty of perjury, hereby certify that the statements of fact and content contained within this motion are true and correct to the best of my knowledge, information, and belief. I further declare that the information contained within this motion was personally prepared and compiled by me as the pro se Appellant in this case.

Dated:  August 22, 2024                    Respectfully submitted,

                                                 */s/ Matthew D. Guertin*

Matthew David Guertin
Pro Se Appellant
1075 Traditions Ct.
Chaska, MN  55318
Telephone: 763-221-4540
MattGuertin@protonmail.com
www.MattGuertin.com

# IX. PROOF OF SERVICE

I, Matthew D. Guertin, County of Carver, in the State of Minnesota, certify that on August 22, 2024, I served a copy of the APPELLANT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL on the following Appellees, via the method indicated below:

For Appellees Hennepin County, Mary Moriarty, Chela Guzman-Weigart, and Jacqueline Perez:

> **Jamil M. F. Masroujeh**
>
> Assistant County Attorney
>
> 2000A Government Center, MC200
>
> 300 South Sixth Street
>
> Minneapolis, MN 55487
>
> **Method of Service:** Electronic Service via ECF

For Appellees Keith Ellison, Julia Dayton-Klein, George F. Borer, Danielle C. Mercurio, Dr. Jill Rogstad, and Dr. Adam Milz:

> **Benjamin W. Harringa**
>
> Assistant Attorney General
>
> 445 Minnesota Street, Suite 1400
>
> St. Paul, MN 55101-2131
>
> **Method of Service:** Electronic Service via ECF

Dated:  August 22, 2024                    Respectfully submitted,

                                                  */s/ Matthew D. Guertin*

Matthew David Guertin
Pro Se Appellant
1075 Traditions Ct.
Chaska, MN  55318
Telephone: 763-221-4540
MattGuertin@protonmail.com
www.MattGuertin.com